IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHEMIKA L. CORBIN<br><br>Plaintiff,<br><br>v.<br><br>NAVICENT HEALTH, INC. f/k/a THE MEDICAL CENTER OF CENTRAL GEORGIA<br><br>Defendant. | CIVIL ACTION NO.<br>_____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW Plaintiff Shemika Corbin, by and through undersigned counsel of record, and files her Complaint for Damages against Defendant Navicent Health, Inc. f/k/a The Medical Center of Central Georgia ("Navicent" or "Defendant") showing the Court as follows:

## JURISDICTION AND VENUE

1.

This is an action for discrimination based on disability in violation of the Americans with Disabilities Act of 1990, as amended by the ADAAA Amendments Act of 2008, 42 U.S.C. §12101 *et seq.* ("ADAAA") and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*. The Court has jurisdiction over the subject matter of this action pursuant to the ADAAA and FMLA.

2.

Venue in this district and division is proper under 28 U.S.C. § 1391 as Defendant maintains a place of business in the Northern District of Georgia, Atlanta Division, and the unlawful discriminatory conduct complained of herein occurred in this district and division.

3.

The administrative prerequisites for jurisdiction by this Court under the ADAAA have been complied with; specifically, Ms. Corbin timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"). A copy of Plaintiff's EEOC charge is attached hereto as **Exhibit A**. The Notice of Right to Sue for Plaintiff's Charge was dated April 2, 2015 and Plaintiff received it

shortly thereafter.  Plaintiff has brought suit within ninety (90) days of receipt of the Notice of Right to Sue.

## **PARTIES**

4.

Plaintiff is now and was at all times relevant to this action a citizen of the United States entitled to bring actions of this type and nature.  During the time when the events giving rise to this lawsuit took place, Plaintiff was a resident of the State of Georgia.

5.

At all times relevant to this action, Plaintiff was employed by Defendant.

6.

Defendant is a non-profit hospital that provides medical services to 30 counties in central Georgia.

7.

Additionally, Defendant has in excess of 15 or more employees, and is, therefore, a "covered entity" prohibited from discriminating against individuals based on the person's association with an individual with a disability or retaliating against an person for utilizing FMLA.

8.

Defendant is a domestic non-profit with its headquarters in Macon, Georgia. It is registered to transact business within the State of Georgia and is subject to the jurisdiction of this Court.

9.

Defendant may be served with a copy of this Complaint and process through its registered agent, Kenneth B. Banks, 691 Cherry Street, Ste. 700, Macon, GA, 31201.

## STATEMENT OF FACTS

10.

On or about February 2, 2004, Ms. Corbin began employment with the Defendant as a Phlebotomist.

11.

Ms. Corbin's employment was largely without incident until her daughter required treatment for a serious medical condition on or about October 20, 2014.

12.

On or about October 20, 2014, Ms. Corbin's daughter was admitted to the hospital for a serious medical condition.

13.

Ms. Corbin timely requested protected leave for her daughter serious medical condition from the Defendant.

14.

Defendant approved Ms. Corbin's FMLA-protected leave until October 27, 2014.

15.

Ms. Corbin returned to work on or about October 27, 2014 and timely filed for intermittent FMLA.

16.

Defendant approved Ms. Corbin's request for intermittent FMLA until April 16, 2015.

17.

Ms. Corbin utilized her intermittent FMLA to care for her daughter's serious medical condition.

18.

While Ms. Corbin was on intermittent leave, her supervisor called her and informed her that her "absences were making him work too much."

19.

Not long after receiving this call, Defendant terminated Ms. Corbin for alleged attendance reasons.

20.

Defendant unlawfully retaliated against Plaintiff for utilizing FMLA and for associating with an individual with a disability.

## COUNT ONE
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

24.

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

25.

The ADAAA prohibits entities from discriminating against otherwise qualified people associating with people with disabilities in the terms, conditions or privilege of employment.

26.

Due to Ms. Corbin's daughter's medical condition, Ms. Corbin associated with someone with a disability.

27.

Because of Ms. Corbin's daughter has a physical impairment that substantially limits one or more of her major life activities, such that she is a person with a disability within the meaning of the ADAAA.

28.

At the time of her termination, Ms. Corbin was meeting Defendant's performance expectations as an employee.

29.

By terminating Ms. Corbin's employment on the basis of her daughter's disability, Defendant violated the ADAAA.

30.

Defendant acted with malice or with reckless indifference to Ms. Corbin's federally protected rights.

31.

Ms. Corbin was severely damaged as a result of Defendant's action, losing wages and benefits and suffering the loss of professional standing associated with Defendant's discriminatory treatment of him.  She is entitled to compensation for mental anguish, lost benefits and lost wages and the other relief hereinafter requested.

## COUNT TWO
## INTERFERENCE IN VIOLATION OF THE FMLA

32.

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

33.

Ms. Corbin was an eligible employee whose daughter maintained a serious health condition as defined by the FMLA and the accompanying regulations.

34.

By interfering with Ms. Corbin's protected time off, Defendant prevent Ms. Corbin from exercising her rights provided to her under the FMLA.

35.

Defendant's actions in interfering with Ms. Corbin's rights under the FMLA were committed with intentional and willful disregard for her right to take up to 12 work-weeks of leave for a serious health condition, her right to job restoration, and violated the FMLA, 29 U.S.C. § 2615(a)(1).

36.

The effect of Defendant's action has been to deprive Ms. Corbin of employment, as well as income in the form of wages, health insurance, prospective

retirement benefits, social security, and other benefits due her because of exercising her rights under the FMLA.

37.

As a result, Ms. Corbin is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B)—including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

38.

Ms. Corbin is also entitled to liquidated damages for Defendant's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions in terminating her employment were willful violations of the FMLA.

## COUNT THREE
## RETALIATION IN VIOLATION OF THE FMLA

39.

Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of the Complaint as if fully set forth herein.

40.

Ms. Corbin was an eligible employee whose daughter maintained a serious health condition as defined by the FMLA and the accompanying regulations.

41.

By terminating Ms. Corbin, Defendant retaliated against Ms. Corbin for exercising her right to take medical leave for the serious health condition of her daughter as provided by the FMLA.

42.

Defendant's actions in retaliating against Ms. Corbin for exercising her rights under the FMLA were committed with intentional disregard for her right to be free from discriminatory treatment for exercising her rights under the FMLA.

43.

The effect of Defendant's actions has been to deprive Ms. Corbin of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her because of her exercise of her rights under the FMLA.

44.

As a result, Ms. Corbin is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B)—including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

45.

Ms. Corbin is also entitled to liquidated damages for Defendant's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions in terminating her employment were willful violations of the FMLA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

1) A declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the FMLA and ADAAA;

2) The Court permanently enjoin Defendant, its officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with them or at their direction, from engaging in any employment policy or practice that discriminates against any employee on the basis of disability or from illegally retaliating or interfering against any employee for utilizing FMLA;

3) Plaintiff recovers appropriate back pay, including reimbursement for lost salary, bonuses, incentive compensation, pension, social security, and other benefits in amounts to be shown at trial;

4) Plaintiff recovers prejudgment interest on any award of back pay made by the jury as required by law;

5) Plaintiff recovers liquidated damages equal to their back pay and lost benefits, as a result of Defendant's willful violations of the ADAAA and FMLA;

6) The Court awards Plaintiff front pay through projected date of retirement or, alternatively, order the Defendant to reinstate Plaintiff to his last-held position or to an equivalent position;

7) The Court awards Plaintiff compensatory damages in an amount to be determined by a jury;

8) The Court awards Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

9) The Court awards Plaintiff his attorneys' fees, costs and disbursements; and

10) The Court grants such additional relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted this 1st day of May, 2015

Molden Law, LLC.


<u>/s/ Regina S. Molden</u>
Regina Sledge Molden
Georgia Bar No. 515454
Tremain C. Mattress
Georgia Bar No. 940529
Peachtree Center—Harris Tower 1245
233 Peachtree Street, NE
Atlanta, GA 30303
Telephone: 404-324-4500
Facsimile: 404-324-4501
Email: rmolden@moldenlaw.com
Email: tmattress@moldenlaw.com

Attorneys for Plaintiff

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ Regina S. Molden
Regina S. Molden
Georgia Bar No. 515454
