**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MCAON DIVISION**

| | | |
|---|---|---|
| **SHEMIKA CORBIN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:15-CV-153 (CAR)** |
| | : | |
| **MEDICAL CENTER, NAVICENT HEALTH f/k/a THE MEDICAL CENTER OF CENTRAL GEORGIA,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON PLAINTIFF'S FMLA INTERFERENCE CLAIMS AND DEFENDANT'S MOTIONS *IN LIMINE***

## I. Rulings from the Pretrial Conference

On February 14, 2017, the Court held a pretrial conference in this case and, for the reasons explained during the conference, **GRANTED** Defendant's Motions in Limine #1, 2, 4, 5, 6, and 10 [Docs. 28, 29, 31, 32, 33, and 37]. The Court reserved ruling on the remaining Motions in Limine and requested trial briefs on certain issues from the parties. The parties have filed such briefs.

On March 16, 2017, the Court held a telephone conference with the parties and informed them Plaintiff may only proceed to trial on her FMLA Retaliation claim, thus **GRANTING** Defendant's Motions in Limine #3, 7, and 8 [Docs. 30, 34 and 35]. The Court now issues this Order to further explain its ruling regarding Plaintiff's FMLA

Interference Claims and, by extension, Defendant's Motions in Limine #3, 7, and 8 concerning such claims. The Court also **GRANTS** Defendant's Motion in Limine #9 [Doc. 36].

## II. Plaintiff's FMLA Interference Claims

Throughout summary judgment, both parties discussed Plaintiff's FMLA Interference claim in general terms. For the first time at the pretrial conference, Plaintiff identified, or as she argues, articulated, her FMLA Interference Claims. Plaintiff contends Defendant interfered with her exercise of FMLA leave by: (1) deterring or discouraging Plaintiff from using approved intermittent leave ("Deterrence/Discouragement Claim"); (2) failing to inform Plaintiff she may be entitled to intermittent leave after being placed on notice that Plaintiff's daughter suffered a serious medical condition ("Notice of Eligibility Claim"); and (3) assessing negative attendance points for exercising protected leave ("Assessing Negative Attendance Points Claim").

Defendant seeks to exclude all evidence relating to these claims and argues these claims cannot proceed as a matter of law for several reasons. Because Plaintiff cannot prove she suffered any harm as a result of Defendant's presumed interference with her FMLA rights, the Court agrees with Defendant that Plaintiff's Interference Claims cannot proceed to the jury. Thus, the Court will not address Defendant's other arguments.

The Eleventh Circuit has held that "[t]o prove FMLA interference, [Plaintiff] must demonstrate 'that she was denied a benefit to which she was entitled under the FMLA,' and that she 'has been prejudiced by the violation in some way.'"[1] "[T]o prove that she was 'prejudiced' by an FMLA violation, a plaintiff [ ] need only demonstrate some harm remediable by either 'damages' or 'equitable relief.'"[2] "Generally, proof of injury under the FMLA requires evidence that the Plaintiff was denied leave improperly."[3]

A plaintiff "may not recover for 'technical infractions under the FMLA . . . in the absence of damages.'"[4] Ultimately, like the court in *Graham v. State Farm Mut. Ins. Co.*, this Court "need not address the technical violations of [Plaintiff's] FMLA [claims] in detail because Plaintiff has simply failed to demonstrate that she suffered any 'adverse employment action' for purposes of [ ] the FMLA."[5]

**A. Deterrence/Discouragement Claim**

Plaintiff alleges she was deterred from using FMLA leave, as evidenced by the series of text messages between Plaintiff and her direct supervisor Preston Barber. The FMLA does not define "interference," but Department of Labor regulations provide that

---

[1] *Evans v. Books-A-Million*, 762 F.3d 1288, 1295 (11th Cir. 2014) (quoting *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 166-67 (11th Cir. 2008) and *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)) (emphasis added).
[2] *Id.* at 1296 (citations omitted).
[3] *De La Garza-Crooks v. AT&T*, 252 F.3d 436,
[4] *Demers v. Adams Homes of NW Fla., Inc.*, 321 F. App'x 847, 849 (11th Cir. 2009) (quoting *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1284 (11th Cir. 1999)).
[5] 193 F.3d 1274, 1283 (11th Cir. 1999).

interference with the exercise of an employee's rights includes not only refusing to authorize FMLA leave, but also discouraging an employee from using such leave.[6] The FMLA prohibits employer activities that "deter employees' participation" in activities protected by the FMLA.[7] The Eleventh Circuit Court of Appeals has not addressed what constitutes an actionable discouragement claim. However, most courts that have addressed this issue find the employer's actions must be more than "minimally intrusive,"[8] and the employee must suffer some kind of prejudice or harm from the discouragement.[9]

Here, even assuming Barber's text messages constitute an employer action that is more than "minimally intrusive," Plaintiff's Deterrence/Discouragement claim is not actionable because she did not suffer any harm or prejudice as a result of the discouragement. The Eleventh Circuit has held that "a plaintiff suffers no FMLA injury

---

6 29 C.F.R. § 825.220(b).

7 *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

8 *Fraternal Order of Police v. City of Camden*, 842 F.3d 231 (3d Cir. 2016) (court found employer's actions in visiting employee once at employee's house "minimally intrusive" and thus discouragement claim not actionable); *see also Bailey v. Miltope Corp.*, 513 F. Supp. 2d 1232 (M.D. Ala. 2007) (discouragement claim not actionable where supervisor discussed death of his father, stated how important plaintiff was to the company, and that the company really needed plaintiff); *compare Saroli v. Automation*, 405 F.3d 446 (6th Cir. 2005) (discouragement claim actionable where employer failed to respond to employee's FMLA inquiries and inform employee of eligibility); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133-34 (9th Cir. 2003) (discouragement claim actionable where employer pressured employee to reduce leave time and refused to grant FMLA extensions).

9 *See Fraternal Order of Police*, 842 F.3d at 246 ("The FMLA provides no relief unless the employee has been prejudiced by the violation") (citation and internal quotation marks omitted); *Estrada v. Cypress*, 616 F.3d 866 (8th Cir. 2010) (interference "occurs when an employer's action deters or attaches negative consequences to the employee's exercise of FMLA rights."); *Mardis v. Central National Bank & Trust*, 173 f.3d 864 10th Cir. 1999) ("mere postponement of a scheduled vacation and temporary restriction of use of vacation leave [ ] with no ultimate loss of accrued benefits would likely not constitute actionable discouragement.").

when she receives all the leave she requests[.]"[10] Plaintiff received all of the FMLA leave she requested after Barber sent the text messages. Plaintiff contends her termination is the harm suffered. The record, however, reflects no evidence her termination resulted from Barber discouraging Plaintiff to take or request FMLA leave.

**B. Notice of Eligibility and Assessing Negative Attendance Points Claims**

Plaintiff also contends that prior to October 20, 2014, she placed Defendant on sufficient notice that her absences regarding care for her child were due to a potentially FMLA-qualifying reason (her daughter's serious medical condition) thus triggering Defendant's duty to inform her of intermittent FMLA benefits.[11] Plaintiff identifies three dates—October 14, 2013, April 14, 2014, and October 8, 2014—she claims Defendant penalized her for missing work that should have been covered under FMLA. On October 14, 2013, Plaintiff was absent for a "child care issue" and assessed 1.0 point. Six months later, on April 14, 2014, she was absent because "child sick" and assessed 1.0 point. Six months after that, on October 8, 2014, she was tardy for a "child doctor's appointment" and assessed 0.25 points. Plaintiff contends these FMLA-qualifying absences were used to justify her termination and are thus actionable as FMLA interference. The Court disagrees.

Even assuming Plaintiff's Complaint sufficiently notified Defendant of these interference claims, Plaintiff cannot prove she suffered any harm as a result of

---

[10] *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1275 (11th Cir. 1999).
[11] *See* 29 C.F.R. § 825.300.

Defendant's failure to inform Plaintiff of her potential eligibility for intermittent FMLA leave prior to October 20, 2014. The three dates Plaintiff identifies as wrongly-assessed attendance violations would not have changed the fact she was on her second attendance probation when she was terminated; thus Plaintiff has no actionable harm on which to proceed with these interference claims to the jury.

At the time Defendant terminated her, Plaintiff had received her second probation for attendance violations based on more than 10.0 points for unexcused absences and tardies. The three dates Plaintiff now identifies show Defendant may have wrongly assessed her 2.25 points. However, even assuming Defendant did wrongfully assess these 2.25 points, pursuant to Defendant's Attendance Policy, Plaintiff still would have been on probation for accumulating more than 2.5 points worth of tardies. Defendant's Attendance Policy states an employee will be put on probation for accumulating 2.5 points worth of tardies.[12] Thus, the result—Plaintiff's second probation for attendance violations—would have been the same. Plaintiff cannot show Defendant's lack of proper noticed caused her any injury.

At most, any failure by Defendant to notify Plaintiff of her potential eligibility for intermittent FMLA leave prior to October 20, 2014, would be a technical violation of the FMLA, with no resulting harm. As stated earlier, a plaintiff "may not recover for

[12] Doc. 13-5, pp. 144, 157.

technical infractions under the FMLA . . . in the absence of damages."[13] Despite Plaintiff's arguments to the contrary, her termination cannot serve as the harm to support the Notice of Eligibility Claim. The evidence here only sufficiently supports Plaintiff's claim Defendant terminated her in retaliation for exercising her FMLA leave.[14] Thus, Plaintiff only proceed on her FMLA retaliation claim.

## CONCLUSION

Accordingly, Plaintiff may not present her FMLA Interference Claims to the jury; as a result Defendant's Motions in Limine 3, 7, and 8 [Docs. 30, 34 and 35] are **GRANTED**. Defendant's Motion in Limine 9 [Doc. 36] regarding after-acquired evidence is also **GRANTED**.

**SO ORDERED**, this 31st day of March, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

13 *Demers*, 321 F. App'x at 849; *see also Dodgens v. Kent Manuf. Co.*, 955 F. Supp. 560, 564-65 (D.S.C. 1997) (employer's failure to explain FMLA benefits to plaintiff constituted interference, but it would be "elevating form over substance to permit [plaintiff's] claim to go forward in light of the fact that [he] received all of the leave benefits that he was guaranteed pursuant to the FMLA.").

14 *See Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 598 F. App'x 109 (3rd Cir. 2015) (plaintiff has no "automatic right to claim interference where . . . the claim is so clearly redundant of the retaliation claim." Plaintiff's claim was in "form and substance . . . a claim for retaliation" where plaintiff had not claimed "that any benefits were actually withheld.").